IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DOUGLAS HAYWORTH, | * | |
| | * | |
| Plaintiff, | * | CAFN:1:15-CV-_____ |
| | * | |
| v. | * | |
| | * | |
| FULTON COUNTY SCHOOL SYSTEMS, | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

COMES NOW, Plaintiff, by and through their undersigned counsel of record, and bring this Complaint pursuant to provisions of the Fair Labor Standards Act (29 U.S.C. Section 201 et seq. (hereinafter, "FLSA" or "the Act") and show the Court as follows:

## Introduction

This action is brought Plaintiff against Defendant for declaratory, injunctive, and equitable relief together with an award of back pay, liquidated damages, and attorney's fees and other appropriate relief on account of violations of the Act.

## Jurisdiction

1.

This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. Section 1331 (federal question), and Section 1337 (commerce).

## Venue

2.

Venue is properly lodged in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendant either resides or transacts business in the Northern District of Georgia and the unlawful employment practices alleged herein were and continue to be committed in the Northern District of Georgia, Atlanta Division.

## Parties

3.

Plaintiff is a citizen and resident of the State of Georgia.

4.

Defendant, Fulton County School System, is a public school system with its principal place of business at 786 Cleveland Avenue, SW, Atlanta, Georgia 30315. Unless service of summons is waived, same may be made upon Mr. Robert Avossa, Superintendent, or his legal designee for service of process at the Defendant's principal place of business.

## Facts

5.

Plaintiff was an employee engaged in commerce by assisting in planning and directly supervising and participating in the work of mechanics/helpers and related

personnel in the repair and maintenance of school buses and related gas and diesel equipment in the State of Georgia.

6.

Plaintiff were employed by Defendant, an enterprise engaged in commerce pursuant to 29 U.S.C. §203(r)(1) and 29 U.S.C. §203(s)(1)(B).

7.

Plaintiff began working for Defendant on June 20, 2012.

8.

His position was "Assistant Foreman" in the Transportation Department and his pay grade was "FCS28".

9.

Defendant paid Plaintiff on a salary basis of $48,513.00 per year.

10.

Throughout Plaintiff's employment with Defendant, he routinely worked in excess of forty (40) hours per week.

11.

However, when plaintiff requested he be paid in accordance with the FLSA overtime provisions, he was told he was "exempt" from said provisions and regulations.

12.

Plaintiff's job description clearly states his job as Assistant Shop Foreman was "non-exempt" from FLSA's overtime provisions.

13.

Defendant has failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

14.

Plaintiff was required to be compensated at a rate of one and one-half times their hourly rate for each hour worked in excess of forty hours in any given pay period.

15.

Defendant knew or should have known that the FLSA applied to Plaintiff.

16.

Upon information and belief, in failing or refusing to pay Plaintiff overtime as required by the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that Plaintiff were not entitled to overtime.

17.

Defendant has refused to adequately compensate Plaintiff for work in excess of forty hours per pay period, at the rates required by law, and has willfully refused

to rectify the situation.

18.

Defendant is liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular rate.

19.

Defendant's conduct constitute willful violations of § 207 of the FLSA, entitling Plaintiff to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated damages.

**CLAIMS FOR RELIEF**
**COUNT ONE**
**VIOLATION OF 29 U.S.C. § 207**
**(Overtime Violations)**

20.

Paragraphs 1 through 19 are incorporated herein by this reference.

21.

Defendant's failure to compensate Plaintiff for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action,

liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorney's fees and expenses of litigation.

**WHEREFORE**, Plaintiff requests this Court:

(a) Take jurisdiction of this matter;

(b) Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Issue a judgment declaring that the provisions of the FLSA covered Plaintiff and that Defendant failed to comply with same;

(e) Award Plaintiff proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

(f) Award Plaintiff prejudgment interest on all amounts owed;

(g) Award each Plaintiff reasonable attorney's fees and costs; and

(h) Award any and such other further relief this Court deems just, equitable and proper.

THE BARNETT LAW FIRM, P.C.
/s/ Stacy Barnett
Stacy Barnett, Esq.
Ga. Bar Number 039253

THE BARNETT LAW FIRM, PC
135 Village Centre West
Suite 200
Woodstock, Georgia 30188
770.400.9170 (P)
770.400.9171 (F)
barnettlawfirm@gmail.com