## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("Agreement") is entered into between the Fulton County School District ("District") and Douglas Hayworth ("Hayworth"), hereinafter collectively referred to as the "Parties."

### WITNESSETH:

**WHEREAS**, Hayworth has filed a lawsuit against the District in the United States District Court for the Northern District of Georgia, Civil Action File No. 1:15-cv-01619-AT, alleging violation of the Fair Labor Standards Act ("Lawsuit");

**WHEREAS**, the District disputes Hayworth's allegations, disclaims any liability under state or federal law, and maintains it acted lawfully in making any decisions affecting Hayworth in his employment;

**WHEREAS**, the Parties desire to reach a mutually agreeable resolution and avoid the time and expense associated with further litigation of this matter;

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties agree as follows:

I. <u>STATEMENT OF MUTUAL CONSIDERATION:</u>

1. Within thirty (30) days after both the delivery of a copy of this agreement signed by Hayworth to the District c/o Sherry Culves, Esq., Nelson Mullins Riley & Scarborough LLP, Atlantic Station / 201 17th Street, NW / Suite 1700, Atlanta, Georgia 30363, and the approval of this settlement by the United States District Court, the District agrees to deliver the gross amount of seventeen thousand five hundred dollars ($17,500.00) ("Settlement Award"), broken down and made payable as follows:

    a. <u>Attorney's Fees</u>: The District will deliver four thousand six hundred dollars ($4,600) by check made payable to Stacy Barnett, Esq., The Barnett Law Firm PC, 135 Village Centre West, Suite 200, Woodstock, Georgia 30188, as attorney's fees incurred by Hayworth's attorney in bringing the Lawsuit.

    b. <u>Back Wages</u>: The District will deliver a check made payable to Douglas Hayworth in the net amount of $4,590.13. This reflects a gross settlement amount of six thousand four hundred and fifty dollars ($6,450.00) in back wages that is subject to payroll withholdings for taxes, Medicare and Teacher Retirement System contributions, resulting in a net check of $4,590.13. This check will be delivered to the attention of Stacy Barnett, Esq., The Barnett Law Firm PC, 135 Village Centre West, Suite 200, Woodstock, Georgia 30188.

    c. <u>Liquidated Damages</u>: The District will deliver six thousand four hundred and fifty dollars ($6,450.00) by check made payable to Douglas Hayworth and Stacy Barnett, Esq., The Barnett Law Firm PC, 135 Village Centre West, Suite 200, Woodstock, Georgia 30188, as liquidated damages.

2. Hayworth shall be solely responsible for, and is legally bound to make payment of, any additional taxes determined to be due and owing (including penalties and interest related thereto) by him to any federal, state, local, or regional taxing authority as a result of the Settlement Award received under this Agreement. Hayworth understands that the District has not made, and he does not rely upon, any representations regarding the tax treatment of the sums paid pursuant to this Agreement. Moreover, Hayworth agrees to indemnify and hold the District harmless in the event that any governmental taxing authority asserts against the District any claim for unpaid taxes, failure to withhold taxes, penalties, or interest based upon the payment of the Settlement Award.

3. Hayworth will notify the United States District Court ("Court"), in writing, of his desire to voluntarily dismiss the Lawsuit with prejudice. Hayworth and the District agree that they will cooperate in providing the Court with any information or documents requested to effect the dismissal of the lawsuit. The Parties further agree that enforceability of this Agreement is contingent upon approval by the Court.

4. Hayworth hereby waives all claims against the District and the Fulton County Board of Education, and releases the District (including its current, past, and future Board members, officials, directors, employees, agents, attorneys, insurers, employee benefit plans and the fiduciaries and agents of said plan) of and from any and all claims, demands, actions, liabilities or damages (including attorneys' fees), whether known or now unknown, accruing prior to or after the execution of this agreement, arising out of or relating in any way whatsoever to Hayworth's employment, or separation from employment, or attempts to seek employment with the Board or the District. This waiver and release includes, but is not limited to, claims arising under any and all federal, state and local constitutions, statutes, ordinances, and regulations (such as, but not limited to, claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); the Age Discrimination in Employment Act of 1967, as amended, including the Older Worker Benefits Protection Act of 1990 ("ADEA"); the Civil Rights Act of 1866, as amended; the Civil Rights Act of 1991; the Americans with Disabilities Act of 1990 ("ADA"), as amended; the Employee Retirement Income Security Act of 1974, as amended; the Family and Medical Leave Act of 1993 ("FMLA"); the Fair Labor Standards Act ("FLSA"); the Occupational Safety and Health Act; 42 U.S.C. §§ 1981-1988; and the Georgia Labor Code); and any and all statutory and common law rights, whether arising at law or in equity, including, but not limited to, torts, estoppel, waiver, personal injury, contract, fraud, misrepresentation, defamation, slander, breach of duty or negligence of or by any past, current, or future member of the Board or past, current, or future employee or agent of the District arising out of or

related in any way whatsoever to Hayworth's employment, Hayworth's separation from employment, and/or Hayworth's attempts to seek employment with the Board or District occurring through the date Hayworth signs this Agreement.

5. Hayworth further acknowledges that he may hereafter discover facts different from or in addition to those which he now knows or believes to be true with respect to the released claims and agrees that, in such event, this Agreement shall nevertheless be and remain effective in all respects, notwithstanding such different or additional facts, or the discovery thereof.

6. Hayworth represents and acknowledges (i) that he has conducted whatever investigation was deemed necessary by him to ascertain all facts and matters related to this Agreement; and (ii) that he is not relying in any way on any statement or representation by the District or its attorneys, except as expressly stated herein, in reaching her decision to enter into this Agreement.

7. Hayworth promises not to sue or file any claim against or relating to the Board or the District or its current, past, and future Board members, officials, directors, employees, agents, attorneys, insurers, employee benefit plans and the fiduciaries and agents of said plan in any local, state, or federal court, or any other forum, regarding or relating in any way whatsoever to any matter released by this Agreement.

8. Hayworth understands that the District is relying upon the promises, representations, and warranties Hayworth makes in this Agreement, and that without each such promise, representation, and warranty, the District would not enter into this Agreement. Hayworth warrants that he has not assigned, pledged, or otherwise transferred any part of any claim or cause of action that is the subject of the Agreement and that no other person or entity has any interest therein. Hayworth promises that, if any claims exist or are ever asserted that relate in any way to Hayworth's released claims under this Agreement, Hayworth will pay any and all obligations due as a result of any such claims and agrees to DEFEND, INDEMNIFY, AND HOLD HARMLESS the District, including its current, past, and future Board members, officials, directors, employees, agents, attorneys, insurers, employee benefit plans and the fiduciaries and agents of said plan, from any such claims. "DEFEND, INDEMNIFY AND HOLD HARMLESS" means that if the District or its current, past, and future Board members, officials, directors, employees, agents, attorneys, insurers, employee benefit plans and the fiduciaries and agents of said plan, encounters actual or threatened litigation on the released claims, such entity or individual may retain attorneys of their choice to defend against any such claim and may direct the defense of such claim, and Hayworth shall promptly pay any attorneys' fees, costs, and expenses incurred in the defense of, and any liability or settlement of, such claim.

9. This Agreement shall be assignable to and shall inure to the benefit of the District's successors and assigns, including but not limited to successors through merger, name change, or consolidation.

## II. NON-DISCLOSURE AGREEMENT:

10. The Parties acknowledge and agree that, in order to secure the Court's approval of this Agreement, it must be filed as a public record on the electronic filing system for the United States District Court for the Northern District of Georgia. As a result, this Agreement will be a public record. Notwithstanding, Hayworth agrees not to publicize this Agreement, for example, by referencing or posting the Agreement or its terms on social media or on any website, or communicating the terms or existence of this Agreement to current or former employees of the District. Hayworth further agrees that, without the express written agreement of the District, or unless required to do so by law, other than filing this Agreement with the Court to obtain approval, Hayworth will never disclose the existence of this Agreement, the terms of this Agreement, the amount of monetary award received by anyone under this Agreement, or the substance of the negotiations leading to this Agreement, to any person or entity, other than to his spouse, attorney, accountants, or tax preparer, if any, and to instruct such individuals not to disclose said information. To the extent required by law or applicable regulation, Hayworth may disclose the provisions of this Agreement to the appropriate taxing authorities. Hayworth further agrees that, if questioned about this settlement, this Agreement, the disposition of the Lawsuit, or any other information covered by this provision, Hayworth will only say, "The matter has been resolved."

## III. REPRESENTATION OF COMPREHENSION OF DOCUMENT:

11. Hayworth acknowledges that this Agreement has been read and explained to him by his attorney or other representative of his choice, if he has chosen to consult an attorney or other representative, and further that Hayworth fully understands the meaning and effect of her action in executing it.

12. Hayworth has been given an appropriate period of time within which to consider this Agreement. If Hayworth accepts this Agreement before the expiration of such twenty-one (21) day period for purposes of the ADEA, Hayworth acknowledges, as evidenced by Hayworth's signature below, that he has knowingly and voluntarily waived his right to consider the Agreement for twenty-one (21) days and accepts such lesser time as Hayworth utilized. Hayworth promises and guarantees that his waiver of the full twenty-one (21) day period was not induced by any fraud, misrepresentation, or a threat to withdraw or alter this Agreement prior to the expiration of the twenty-one (21) day period by the District. Hayworth acknowledges that he has the right to revoke a waiver of claims pursuant to the ADEA within seven (7) days of his execution of this Agreement. Hayworth acknowledges and agrees to provide any such revocation, in writing, to the attention of the District, c/o Sherry Culves, Esq., Nelson Mullins Riley &

Scarborough LLP, Atlantic Station / 201 17th Street, NW / Suite 1700, Atlanta, Georgia 30363, (404) 322-6000 (phone).

## IV.   INADMISSIBILITY OF AGREEMENT AS EVIDENCE:

13.   This Agreement may not be introduced as evidence in any legal proceeding against the District (including its current, past, and future Board members, officials, directors, employees, agents, attorneys, insurers, employee benefit plans and the fiduciaries and agents of said plan) or otherwise used to establish any fact or admission by the District (its current, past, and future Board members, officials, directors, employees, agents, attorneys, insurers, employee benefit plans and the fiduciaries and agents of said plan), and Hayworth warrants and represents that he will not attempt to introduce this Agreement in any legal proceeding; provided however, that Hayworth or the District may introduce this Agreement into evidence solely for the purpose of enforcing its terms.

## V.   GOVERNING LAW:

14.   This Agreement shall be construed and interpreted in accordance with the laws of the State of Georgia. The Parties agree that the venue for any legal action involving this Settlement Agreement is either in the U.S. District Court for the Northern District of Georgia, Atlanta Division, or the state courts of Fulton County, Georgia.

## VI.   ADDITIONAL DOCUMENTS:

15.   The Parties agree to cooperate fully and execute any and all supplementary or additional documents to make this release complete and binding, and to take all additional actions which may be necessary or appropriate to give full force and effect to any of the terms or intent of this Agreement.

## VII.   ENTIRETY OF AGREEMENT:

16.   Hayworth and the District agree that this written Agreement constitutes their full and entire agreement. This Agreement can be modified only by a writing signed by both Hayworth and the District or any of its designees.

17.   The Parties agree that this agreement shall not be construed for or against any party by reason of that party having drafted or negotiated, or failed to draft or negotiate, all or any portion of any provision of this agreement

## VIII.   DUPLICATE AND CONFORMING COPIES:

18.   This Agreement may be executed in multiple counterparts, each of which, if fully executed, may be admitted in evidence as a duplicate original.

## IX. SEVERABILITY

19. The Parties agree that if any term or provision of this Agreement is declared by a court of competent jurisdiction to be illegal or in conflict with any law, the validity of the remaining terms and provisions shall not be affected, and the rights and obligations of the Parties shall be construed and enforced as if the Agreement did not contain the particular term or provision held to be invalid.

THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AND RELEASE AND FULLY UNDERSTANDS IT. THE UNDERSIGNED FURTHER WARRANT THAT THEY ARE ENTERING THIS AGREEMENT KNOWINGLY, FREELY, AND VOLUNTARILY.

By: _____  Date: 8/7/15
Douglas Hayworth

By: _____  Date: 8/11/2015
Ron Wade
Chief Talent Officer
Fulton County School District